UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICIA E. ERLITZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:03-CV-889 CAS |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This ERISA matter is before the Court on plaintiff's motion for leave to file a fourth amended complaint. Defendants oppose the motion. Plaintiff did not file a reply. The Court will deny the motion for the reasons set forth below.

**I.  BACKGROUND**

Plaintiff Alicia Erlitz, the daughter of Peter Erlitz, filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., naming as defendants Cracker Barrel Old Country Store, Inc. ("Cracker Barrel" ; Cracker Barrel Old Country Store, Inc., Employee Term Life, Accidental Death and Dismemberment Benefit Plan ("Plan") and Prudential Insurance Company of America ("Prudential").

In her Third Amended Complaint, Plaintiff asserts Cracker Barrel and the Plan violated ERISA by wrongfully denying her life insurance benefits under the "Group Basic Life and Health" plan. She asserts alternatively, that Cracker Barrel breached a fiduciary duty to her father that termination of his health insurance coverage under the Plan terminated his life insurance coverage under th plan, and that he had a right upon termination of his life insurance coverage to convert his

group plan to an individual plan. Plaintiff finally alleges that Prudential is jointly and severally liable with Cracker Barrel and the Plan as to the alleged life insurance benefits.

The Court previously denied the parties cross motions for summary judgment. Plaintiff now moves for leave to file a fourth amended complaint. Plaintiff asserts that in their briefs addressing summary judgment, defendants pointed out that plaintiff's conversion privilege claim is only alleged in her breach of fiduciary duty claim, and not in her claim for denial of benefits. The defendants also noted that plaintiff cited 29 U.S.C. § 1109 as support for individual relief when that section related to relief for all plan beneficiaries. Plaintiff seeks to amend her complaint to allege that under the conversion privilege contained in the life insurance booklet, she was denied benefits under an individual policy in an amount at least equal to the death benefits contained in the group life insurance coverage at issue. She also seeks to replace the citation to 29 U.S.C. § 1109 with a citation to 29 U.S.C. § 1132(a)(3), to clarify that plaintiff is seeking equitable relief as an individual. In support, plaintiff argues defendants cannot assert surprise or prejudice with respect to the proposed amendment because plaintiff raised the issue of conversion privilege in her original complaint filed in July 2003. She also notes she requested individual equitable relief in her original complaint but simply referred to the wrong statutory citation.

Finally, plaintiff finally seeks to amend to insert decedent's correct legal name, Pete R. Erlitz. She also seeks to modify the complaint to the extent that it specifies that the life insurance benefits were tied to decedent's date of death annual base salary of $39,384.45, bringing the claimed death benefit to $196,922.2d, rather than $200,000.

Cracker Barrel opposes the motion, arguing it is untimely. Cracker Barrel notes that the date to amend the pleadings, as set forth in the Case Management Order was December 17, 2003, the Court has already ruled on summary judgment motions, and that trial is six weeks away.

Cracker Barrel also notes that in each of her previous complaints, plaintiff included a claim pursuant to the conversion provision as part of count II, her breach of fiduciary duty claim against Cracker Barrel, and that she now seeks--for the first time--to assert a claim pursuant to the conversion provision as part of Count I, her denial of benefits claim against both Cracker Barrel and the Plan. As to the her request to change her breach of fiduciary duty claim seeking relief under 29 U.S.C. § 1132(a)(3), rather than § 1109, Cracker Barrel notes that it asserted as a defense to all of her three previous complaints that § 1109 may not be asserted to obtain individual relief for particular participants and beneficiaries.

Prudential opposes the motion, arguing they will be prejudiced, as well as plaintiff's undue delay. Prudential also notes plaintiff has been aware of the conversion provision since the inception of her case in July 2003, because not only do the plan documents attached to her original complaint include the Plan's conversion privilege, but she included a claim pursuant to conversion privilege in count II of her previous complaints. Prudential also argues the proposed amendment involves different factual and legal issues, imposing additional discovery requirements.

Plaintiff did not file a reply.

## II. DISCUSSION

"Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue

3

prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.' Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). There is no absolute right to amend. However, a motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.' Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous. Whether to grant a motion for leave to amend is within the sound discretion of the court." Becker v. University of Neb., at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citations omitted.)

Delay in seeking to amend, alone, is a insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998) (citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981)). Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citations omitted). On the other hand, when late-tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion where leave is denied due to the prejudice involved to the non-moving party. Id. (citations omitted).

"Unexcused delay is sufficient to justify the court's denial, however, if the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so. See Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.), 130 F.3d 309, 322 (8th Cir. 1997)." Moses.com Securities Inc. v. Comprehensive Software Sys., Inc., __ F.3d __ (8th Cir. 5/11/2005) (even though motion for leave to amend complaint for third time was timely,

4

district court did not abuse its discretion in denying leave to amend where it had allowed plaintiff two prior amendments, prior motions to dismiss had been briefed and ruled, and discovery was "well under way;" and plaintiff had earlier notice of defects in its complaint and failed to remedy them and had no reasonably explanation why it hadn't).

This Court will deny the motion to amend as to the conversion provision and the statutory citation and grant the motion as to decedent's correct legal name and the amount of death benefits. The Court notes that plaintiff has had several opportunities to amend the complaint and cure its defects, despite knowing its deficiencies, but failed to do so. The Court also notes plaintiff has been aware of the conversion provision since the inception of her case. Additionally, the Court notes it has already ruled on dispositive motions and trial is now less than four weeks away. This case has already been delayed on several occasions and amending the complaint could delay it further. In sum, this Court concludes that plaintiff has "proffered no adequate reason explaining" her failure to cure the known defect earlier. See St. Louis Fire Fighters Ass'n v. City of St. Louis, 96 F.3d 323, 330 (8th Cir.1996).

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part plaintiff's motion for leave to amend her complaint and deny it in part. Plaintiff is granted leave to amend the complaint only (1) to insert decedent's correct legal name, Pete R. Erlitz, and (2) to specify that the life insurance benefits were tied to decedent's date of death annual base salary of $39,384.45, bringing the claimed death benefit to $196,922.25, rather than $200,000. This Court will deny the motion to amend as to the conversion provision and the statutory citation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a fourth amended complaint is **GRANTED in part and DENIED in part**. Plaintiff is granted leave to amend the complaint only (1) to insert decedent's correct legal name, Pete R. Erlitz, and (2) to specify that the life insurance benefits were tied to decedent's date of death annual base salary of $39,384.45, bringing the claimed death benefit to $196,922.25, rather than $200,000. (Doc. 92)

                                                                 _/s/ Charles A. Shaw_
                                               **CHARLES A. SHAW**
                                               **UNITED STATES DISTRICT JUDGE**

Dated this 25th day of May, 2005.